FILED
May 22, 2026
09:22 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| JAKOBE PACE,<br>　　　Employee, | Docket No. 2025-80-6445 |
| v.<br>UNITED PARCEL SERVICE,<br>INC.,<br>　　　Employer, | State File No. 59269-2025 |
| And<br>LM INS. CORP.,<br>　　　Insurer. | Judge Shaterra R. Marion |

---

# COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

UPS moved for summary judgment, asserting that Mr. Pace's claim is barred by the statute of limitations. For the reasons below, the Court agrees and grants summary judgment.

## Procedural History

Mr. Pace alleged work injuries to his neck and back. The injury occurred sometime between August 1 and August 29, 2024.

The Court entered a partial scheduling order, and UPS filed this motion. Mr. Pace filed a response.

## Facts

UPS filed a statement of undisputed material facts with citations to the record under Tennessee Rule of Civil Procedure 56.03 to which Mr. Pace responded. The following facts are undisputed.

In the petition for benefit determination, Mr. Pace listed August 29, 2024, as his date of injury in one section and "early August (around August 1-6)" in another section. In his affidavit, Mr. Pace stated that, due to the nature of the accident, he could not identify the exact calendar date but reiterated that it happened in August 2024. UPS did not pay any benefits on this claim.

Mr. Pace filed his petition for benefit determination on October 9, 2025. He argues that UPS did not officially deny his claim until September 30, 2025, after which he filed his petition. He also argues that the different dates of injury create an issue of material fact.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, UPS must either: (1) submit affirmative evidence that negates an essential element of Mr. Pace's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2025); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If UPS meets this burden, Mr. Pace must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Id.* at 265.

When an employer has not paid workers' compensation benefits to an employee, that employee's claim "shall be forever barred" unless a petition for benefit determination is filed "within one (1) year after *the accident resulting in injury.*" Tenn. Code Ann. § 50-6-203(b)(1) (emphasis added).

Here, Mr. Pace agrees that his injury occurred in "early August 2024." Therefore, UPS demonstrated he cannot establish an essential element of his claim, which is timely filing, because he filed his petition October 9, 2025.

Mr. Pace responded, but not with facts upon which the Court could base a decision in his favor. Which day in August the injury happened is immaterial where he failed to file his petition within one year of any day in that month. Further, the statute requires filing within one year of the accident, not the denial.

**IT IS, THEREFORE, ORDERED as follows:**

1. UPS's motion for summary judgment is granted, and Mr. Pace's claim against UPS is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to UPS under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2026), for which execution may issue as necessary.

4. UPS shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED May 22, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on May 22, 2026.

| Name | Regular Mail | Email | Service sent to: |
|---|---|---|---|
| Jakobe Pace, Employee | X | X | ██████████████████ |
| Kyle Cannon, Employer's Attorney | | X | kcannon@gwtclaw.com<br>smarshall@gwtclaw.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*